**SCHOOL DISTRICT NO. 1J
MULTNOMAH COUNTY,
OREGON, Plaintiff,**

v.

**ACandS, INC., a Pennsylvania
corporation, et al.,
Defendants.**

**Civ. Nos. 90–1316–FR, 90–753–FR.**

United States District Court,
D. Oregon.

June 20, 1991.

Jeffrey S. Mutnick, John S. Stone, Peter W. Preston, Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland, Or., for plaintiff.

Thomas H. Tongue, John C. Cahalan, Dunn, Carney, Allen, Higgins & Tongue, Portland, Or., for defendant T & N plc.

Paul T. Fortino, Lawrence Reichman, Perkins Coie, Portland, Or., for defendant GAF Corp.

William M. Tomlinson, James L. Dumas, Lindsay, Hart, Neil & Weigler, Portland, Or., for defendant Owens–Corning Fiberglas.

Roger K. Stroup, Bodyfelt Mount Stroup & Chamberlain, Portland, Or., for defendant Georgia–Pacific Corp.

Duane A. Bosworth, Christopher F. McCracken, Davis Wright Tremaine, Portland, Or., for defendants Armstrong Cork Co., Inc. and Armstrong World Industries, Inc.

Richard A. Hayden, Janie M. Burcart, Bogle & Gates, Portland, Or., for defendant U.S. Gypsum Co.

James D. Case, Case, Dusterhoff & Mehlhaf, Portland, Or., for defendant U.S. Mineral Products Co.

Howard W. Carsman, Christopher A. Rycewicz, Stafford Frey Cooper & Stewart, Portland, Or., for defendant Fibreboard Corp.

Wayne Hilliard, James L. Hiller, Vicki L. Smith, Lane Powell Spears Lubersky, Portland, Or., for defendant W.R. Grace & Co.–Conn.

Douglas G. Houser, James G. Hibbard, Steven V. Rizzo, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, Or., for defendant The Flintkote Co.

James M. Barron, Paul R. Xochihua, Hallmark, Keating & Abbott, P.C., Portland, Or., for defendant A.P. Green Refractories Co.

Garr M. King, Joseph C. Arellano, Kennedy, King & Zimmer, Portland, Or., for defendant Keene Corp.

## OPINION

FRYE, District Judge:

The following motions are pending:

1) the motion for summary judgment of defendant T & N plc (# 173);

2) the motion for partial summary judgment of defendant GAF Corporation (# 175);

3) the motion for partial summary judgment of defendant Owens–Corning Fiberglas (# 178);

4) the motion for partial summary judgment of defendant Georgia–Pacific Corporation (# 181);

5) the motion for partial summary judgment of defendants Armstrong Cork Company, Inc. and Armstrong World Industries, Inc. (# 182);

6) the motion for partial summary judgment of defendant United States Gypsum Company (# 185);

7) the motion for summary judgment of defendant U.S. Mineral Products Company (# 188);

8) the motion for partial summary judgment of defendant Fibreboard Corporation (# 189);

9) the motion for partial summary judgment of defendant W.R. Grace & Co.–Conn. (# 190);

10) the motion for partial summary judgment of defendant The Flintkote Company (# 193);

11) the motion for partial summary judgment of defendant A.P. Green Refractories Co. (# 195); and

12) the motion for summary judgment of defendant Keene Corporation (# 198).

## BACKGROUND FACTS

The plaintiff, School District No. 1J Multnomah County, Oregon (the School District), brings this action against the defendants based upon strict liability, negligence and breach of warranty. The School District alleges that it has been damaged by the asbestos-containing products supplied by these defendants to the School District for use in its school buildings.

The School District owns some 105 buildings which are used as elementary schools, middle schools, high schools and other instructional centers. On June 18, 1990, this court ordered the School District to identify in its responses to the interrogatories served upon the School District by the defendants each of the school buildings in which the product of each of the defendants was allegedly installed. On December 3, 1990, the School District returned its responses to the interrogatories served upon it by the defendants.

Each of the twelve moving defendants seeks an order of summary judgment with prejudice in its favor as to all of those buildings in the School District where that defendant's product was not listed as a "product installed" on the School District's responses to interrogatories and the exhibits attached thereto and as to all of those school buildings for which there is no proof of the actual installation of that defendant's product other than the contract specifications.

The School District appears to concede in its responses that summary judgment may be granted as to any defendant where that defendant's product was not listed as a product installed in any given school building. However, the School District opposes summary judgment for any defendant where that defendant's product was identified in the contract specifications for any building.

The contract specifications used by the School District for the construction, alteration and remodelling of school buildings indicate the product to be installed and the manufacturer of that product, and in certain instances use the words "or approved equal" after the product is identified.

A contract specification used by the School District becomes a part of the contract between the School District and the supplier after the contract is executed. If a contract specification calls for the specif-

ic product of a specific manufacturer to be installed, but uses the words "or approved equal," it has been the custom and practice of the School District to require that the product specified be used by the contractor. It has also been the custom and practice of the School District since 1951 that a contractor who desires to use an "approved equal" must make a written application to the architect for approval of a product other than the product specified, and that the architect must approve in writing the request of the contractor for use of a product other than the product specified. If a contract specification called for a specific manufacturer, the product of that manufacturer must have been installed unless the contractor made a written request to substitute the product of another manufacturer and the architect approved the substitution in writing.

## CONTENTIONS OF THE PARTIES

The moving defendants contend that 1) as to the majority of the school buildings, there is no indication that the products of the moving defendants were either specified for installation or listed as actually installed; and 2) to the extent that the School District relies on contract specifications as evidence of what was actually installed, the specifications are speculative.

The defendants argue that the contract specifications alone are insufficient to prove that the product of a particular defendant was installed in a specific school building because the contract specifications alone are insufficient to establish the element of causation in the School District's theories of recovery. The defendants contend that contract specifications are evidence only of the requested or suggested product, and not the product that was in fact installed.

The defendants rely in particular upon *Catasauqua Area School Dist. v. Raymark Indus.*, 662 F.Supp. 64 (E.D.Pa.1987), in which the issue was whether there was sufficient evidence to show that asbestos-containing roofing felts manufactured by Bird & Son were installed in a high school during its construction. In that case, the

plaintiff relied "primarily on a materials list of products approved for installation." *Id.* at 65. The court reviewed the evidence presented by both parties and concluded "[i]n sum, the cumulative value of plaintiff's evidence is simply insufficient to establish that Bird's products were actually present in the high school." *Id.* at 66.

The School District responds that the specification of a single product, or its equal, creates the rebuttable presumption that the specified product was installed. The School District contends that the contract specifications became a part of the contract between the School District and its suppliers, and the law of the State of Oregon is that persons are presumed to have carried out their oral and written contracts. *Multnomah County v. Dant & Russell, Inc.*, 158 Or. 350, 75 P.2d 986 (1938). The School District argues that when there is a contractual requirement that a party perform, absent evidence to the contrary, it is presumed that that party completed its obligations under the contract.

## APPLICABLE STANDARD

■ Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). On a motion for summary judgment, all reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir.1976).

## ANALYSIS

The factual circumstances surrounding the motions for summary judgment of each defendant require that the court address each motion separately.

**1) *Motion for Summary Judgment of Defendant T & N plc***

Defendant T & N plc, including J.W. Roberts Limited, (T & N) moves the court for summary judgment as to each claim asserted against it on the grounds that the School District has failed to show that the products of T & N were actually installed in any of the school buildings at issue in this case.

In response, the School District offers evidence and argument relating only as to the supply of T & N products for acoustical work in the Smith School. The School District has submitted the affidavit of legal counsel stating that he has reviewed the contract applicable to the Smith School. Counsel for the School District refers in his affidavit to the contract specifications, which provide for the application of the products of T & N and which state: "[p]rovide ¾" thick sprayed-on 'Limpet' insulation, or approved equal, at the following locations." Exhibit A to Plaintiff's Response to T & N plc's Motion for Summary Judgment. Counsel for the School District states in his affidavit that there is no written approval for a contract change in the contract file.

■ T & N argues that the evidence offered by the School District is not adequate in that the discovery documents produced by the School District relating to product identification contain two references to the contract specification at issue, thereby discrediting the contention of the School District that T & N bears the responsibility for the asbestos located in the Smith School.

The Products Sheet prepared by the School District in response to the defendants' joint interrogatories contains the following two entries:

| | | | |
|---|---|---|---|
| **Contract No.** | 847 | **School** | Smith |
| **Product** | Limpet | | |
| **Specification** | Provide ¾" thick sprayed-on Limpet insulation at: Inside all steel closures, at head on windows and over the main entrance, inside all steel closures at tope [sic] of brick walls at west elevation, inside all steel beam at top of [sic] | | |
| **Mfcter Spec** | | | |
| **Spec No.** | 11–07 | | |
| **Prod Installed** | | | |
| **Contract No.** | 847 | **School** | Smith |
| **Product** | Limpet | | |
| **Specification** | Provide ¾" thick sprayed-on Limpet insulation at: Inside all steel closures, at head on windows and over the main entrance, inside all steel closures at tope [sic] of brick walls at west elevation, inside all steel beam at top of [sic] | | |
| **Mfcter Spec** | Acousti–Celotex | | |
| **Spec No.** | 11–07 | | |
| **Prod Installed** | | | |

Exhibit A to Affidavit of Sheryl L. Becker, pp. 2, 3. The two entries noted above are virtually identical, with the exception of the reference at page 389 to an entirely different manufacturer, Acousti–Celotex, as the specific manufacturer.

The School District bears the burden in response to the motion of T & N for summary judgment to come forward with evidence to support its claim. In *Anderson v.* *Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the Court explained that the difference between the inquiry in a motion for summary judgment and the inquiry in a motion for a directed verdict at trial is procedural and is "[i]n essence ... the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail

as a matter of law." *Id.* at 251–52, 106 S.Ct. at 2511–12.

The product list of the School District contains references to two manufacturers of the asbestos at issue, but the School District has offered no evidence from which a trier of fact could conclude that it was the products of T & N which were installed and not the products of the other specified manufacturer. In *Senn v. Merrell–Dow Pharmaceuticals, Inc.,* 305 Or. 256, 751 P.2d 215 (1988), the court concluded that the plaintiff could not prevail where the plaintiff could prove that the two defendants each produced a drug defective because of failure to warn of its risks, but could not prove which defendant produced the drug which was taken by the plaintiff.

Because the School District's production list contains inconsistent references to the manufacturer of the asbestos product which was installed, and because the School District offers no explanation for the inconsistent evidence in the record, the court concludes that summary judgment is appropriate.

The motion for summary judgment of T & N is granted.

2) *Motion for Partial Summary Judgment of Defendant GAF Corporation*

The School District has filed no opposition to the motion for partial summary judgment filed by defendant GAF Corporation with respect to all of the School District's buildings except for the Whitaker Middle School building. Therefore, the motion for partial summary judgment of GAF Corporation is granted.

3) *Motion for Partial Summary Judgment of Defendant Owens–Corning Fiberglas*

Defendant Owens–Corning Fiberglas (Owens–Corning) moves the court for summary judgment dismissing all of the claims of the School District against Owens–Corning with respect to all of the school buildings except for six (Abernathy, Capitol Hill, Edwards, Jefferson, Lents and Sitton), which are not the subject of this motion. Owens–Corning moves for summary judg-ment as to all other school buildings, including those school buildings where the asbestos-containing products of Owens–Corning have allegedly been specified by contract and those school buildings in which there is no claim that the asbestos-containing products of Owens–Corning are involved.

The School District opposes summary judgment in favor of Owens–Corning in the three school buildings where Owens–Corning or its contracting unit, Fiberglas Engineering and Supply Company (FENCO), was identified as the installer of products at those schools (Benson, Kelly and Chief Joseph); in the two school buildings where the contract specifications specified the products of Owens–Corning as the only specified products (Woodstock and Youngson); and in the one school building where Owens–Corning is identified as the installer through the affidavit of Lon Applegate.

 In reply, the School District submits the affidavit of counsel, who states as follows:

I, PETER W. PRESTON, being first duly sworn do hereby depose and say;

That I have reviewed the contract documents which were part of Exhibit B submitted as part of defendant Fibreboard's motion for partial summary judgment. That I have identified the following schools; Benson, Kelly, Sitton and Chief Joseph and from the review of those documents, Owens–Corning Fiberglas or its contracting unit aka Fiberglas Engineering and Supply Company, was identified as the installer of products at that location. Additionally, I have reviewed the documents and determined that at Woodstock and Youngson under the identified contract and specification numbers, that Owens–Corning Fiberglas was the only specified product and that there were no documents approving a change from those specified documents.

Affidavit of Peter W. Preston.

Owens–Corning contends that this affidavit is insufficient for the School District to meet its burden to come forward with evi-

dence to support its claims as to these school buildings because the affidavit does not comply with the requirements of Rule 56(e) of the Federal Rules of Civil Procedure, which requires that all documents referred to in the affidavit be attached. Counsel for the School District stated at oral argument that the contract documents are voluminous, and that "[t]he attorney's affidavit was meant to reasonably approach the proof meant to satisfy the spirit and the intent of the motion for summary judgment." Transcript, p. 24.

Rule 56(e) of the Federal Rules of Civil Procedure states that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." The documents referred to in the affidavit are not attached thereto or served therewith. The argument of counsel that the documents referred to are too voluminous to require compliance with the Federal Rules of Civil Procedure is not persuasive. The court finds, therefore, that the affidavit of Peter Preston does not meet the requirements of Fed.R.Civ.P. 56(e).

■ The only school building remaining at issue in this motion is the Whitaker school building. In opposition to the motion for summary judgment as it relates to the Whitaker school building, the School District relies upon the affidavit of Lon Applegate, and "an Addendum and affidavit as identified as Exhibit C wherein Owens–Corning Fiberglas (or Fenco) is identified as the installer per the contract documents and/or through the affidavit of Mr. Applegate." Plaintiff's Response to Owens–Corning Fiberglas' Motion for Partial Summary Judgment, p. 2.

The "addendum" attached to the affidavit of Peter Preston has no evidentiary value. There are no contract documents before this court that refer to any asbestos-containing products manufactured by Owens–Corning and installed in any school building. In his affidavit, Lon Applegate states that he has "applied Owens–Corning Fiberglas products" for Fenco at the Whitaker and Adams school buildings. This does not establish that he applied any asbestos-containing products of Owens–Corning. In the absence of contract specifications or other evidence that asbestos-containing products were installed, the affidavit of Lon Applegate does not provide sufficient evidence to satisfy the burden of the School District to show that there is evidence from which a trier of fact could conclude that asbestos-containing products of Owens–Corning were installed in the Whitaker school building.

The motion for partial summary judgment of Owens–Corning is granted.

4) *Motion for Partial Summary Judgment of Defendant Georgia–Pacific Corporation*

Defendant Georgia–Pacific Corporation (Georgia–Pacific) moves the court for summary judgment with respect to all school buildings but four (Maplewood, Normandale, Sabin and Youngson) on the grounds that the School District has failed to show that the asbestos-containing products of Georgia–Pacific were installed in the remaining school buildings.

■ The School District opposes Georgia–Pacific's motion for summary judgment arguing that only Bestwall wallboard was specified in the construction contracts for work in eleven school buildings. The School District attaches to its memorandum in response to Georgia–Pacific's motion for partial summary judgment documents which appear to be the contract specifications calling for Georgia–Pacific's "Bestwall" product. These documents, labelled as Exhibit A to its memorandum, are not authenticated by an affidavit. They appear to be the pages from each contract for the eleven school buildings which set out specifications for the use of Georgia–Pacific's "Bestwall" product. The School District further attaches the affidavit of counsel with an "addendum" attached listing seven schools which are "those schools, which

Georgia–Pacific has moved against, wherein a Georgia–Pacific product is specified as the only product under the specification or wherein [sic] fact there is an allegation that the product was in fact installed." Affidavit of Peter W. Preston, p. 2.

The "addendum" attached to the affidavit of Peter Preston has no evidentiary value. However, the contract specifications relevant to the claims of the School District appear to be attached to its memorandum in response to Georgia–Pacific's motion for summary judgment.

Georgia–Pacific concedes that it may be responsible for Bestwall products manufactured after May 1, 1956. However, Georgia–Pacific argues that two of the eleven school buildings (Gray and Meek) were built prior to 1956, and therefore are appropriate subjects for summary judgment. Since the documents submitted by the School District contain no dates and are not properly authenticated as to the dates through an affidavit, the court accepts the representation of Georgia–Pacific that the Gray and Meek school buildings were built prior to 1956 and are appropriate subjects for summary judgment.

As to the remaining nine school buildings, Georgia–Pacific argues only that the contract specifications are not adequate as a matter of law to prove that its products were installed in those buildings. The product specifications in this case uniformly specify a single product, or in some cases a single product "or approved equal." The product specifications are a part of the contract used in the construction, repair or renovation of each of the school buildings. There is evidence before the court that a modification of a product specified was allowed only upon written approval. The court concludes that the fact that Georgia–Pacific's products were specified is adequate to defeat Georgia–Pacific's motion for summary judgment as to the remaining nine school buildings.

The motion for partial summary judgment of Georgia–Pacific is denied as to the following school buildings: Astor, Bridger, Chapman, Chief Joseph, Grant, Humboldt, Markham, Mt. Tabor and Woodlawn and granted as to all of the other school buildings named in the motion.

5) *Motion for Partial Summary Judgment of Defendants Armstrong Cork Company, Inc. and Armstrong World Industries, Inc.*

Defendants Armstrong Cork Company, Inc. and Armstrong World Industries, Inc. (Armstrong Cork) moves the court for summary judgment in its favor as to all but forty-one of the school buildings which are listed in footnote 1 of its motion. Armstrong Cork contends that the School District has failed to show that asbestos-containing products manufactured by Armstrong Cork were installed in the school buildings which are the subject of this motion.

In response to the motion of Armstrong Cork, the School District has submitted the affidavit of counsel and an attached "addendum" listing twenty-nine schools, a contract number, and a column entitled "specification" for each of the twenty-nine schools. The affidavit of counsel states, in part: "I have reviewed the contracts in questions [sic] wherein one product is specified or one product is specified with the alternative language of 'or approved equal'." Affidavit of Peter W. Preston, p. 3.

This "addendum" is not admissible into evidence. The affidavit of counsel does not comport with Rule 56(e) of the Federal Rules of Civil Procedure. Therefore, the School District has submitted no competent evidence in opposition to the motion for summary judgment as to all of the school buildings which are the subject of this particular motion.

The motion for partial summary judgment of Armstrong Cork is granted.

6) *Motion for Partial Summary Judgment of Defendant United States Gypsum Company*

Defendant United States Gypsum Company (U.S. Gypsum) moves the court for summary judgment in its favor as to all school buildings but the ten which are not

the subject of this motion. U.S. Gypsum argues that the School District has failed to establish that asbestos-containing products manufactured by U.S. Gypsum were installed in the school buildings which are the subject of this motion.

In response to the motion of U.S. Gypsum, the School District has submitted the affidavit of counsel and an attached "addendum" listing fifty-three schools, a contract number, and a column labelled "specification." In his affidavit, counsel for the School District states, in part: "Attached hereto is an addendum listing those schools, which U.S. Gypsum has moved against, wherein a U.S. Gypsum product is specified as the only product under the specification or where in fact there is an allegation that the product was in fact installed." Affidavit of Peter W. Preston, p. 2.

This "addendum" is not admissible into evidence. The affidavit of counsel does not comply with Rule 56(e) of the Federal Rules of Civil Procedure. The School District has submitted no competent evidence that summary judgment is not appropriate as to all school buildings which are the subject of this motion.

The motion for partial summary judgment of United States Gypsum Company is granted.

### 7) The Motion for Summary Judgment of Defendant U.S. Mineral Products Company

Defendant U.S. Mineral Products Company (U.S. Mineral) moves the court for summary judgment in its favor as to each and every claim of the School District.

In response, the School District contends that summary judgment is not appropriate as to the multi-purpose building at the Wilson Park Elementary School. The School District submits the face sheet of a contract entered into in July, 1968 for the construction of the multi-purpose building at the Wilson Park Elementary School and a page from the contract specifying the following materials: "SPRAY–ON FIRE-PROOFING: CAFCO BLAZE–SHIELD TYPE D FIREPROOFING AS MANUFAC-TURED BY UNITED STATES MINERAL PRODUCTS COMPANY FOR MACHINE APPLICATION." Exhibit B to Plaintiff's Response to U.S. Mineral's Motion for Summary Judgment. The School District further submits answers to interrogatories from another action involving U.S. Mineral, in which U.S. Mineral admits that it manufactured Cafco Blaze–Shield, an asbestos-containing product, from 1958 to 1971. The court finds that this evidence is adequate to defeat summary judgment as to the multi-purpose building at the Wilson Park Elementary School.

The motion for summary judgment of U.S. Mineral is denied as to the multi-purpose building at the Wilson Park Elementary School and granted as to all of the other claims against U.S. Mineral.

### 8) Motion for Partial Summary Judgment of Defendant Fibreboard Corporation

Defendant Fibreboard Corporation (Fibreboard) moves the court for summary judgment in its favor as to all school buildings except for the fourteen school buildings which are not the subject of this motion. Fibreboard argues that the School District has failed to show that asbestos-containing products produced by Fibreboard were installed in the fourteen school buildings which are the subject of this motion.

In its memorandum in response to the motion for partial summary judgment of Fibreboard, the School District contends that Fibreboard should be held responsible for the installation of asbestos-containing insulation by Columbia Asbestos Company and its predecessor, Asbestos Supply. The School District submits a contract, attached as Exhibit A to its Memorandum in Opposition, in which Columbia Asbestos Company agrees to buy from Pabco its entire requirements of "Pabco PRECISION MOLD-ED 85% Magnesia Insulation and Prasco High Temperature Insulation" during the life of the agreement. The School District submits the affidavit of counsel and an attached "addendum" listing sixteen schools and columns labelled "product,"

"contract number," and "specification." In his affidavit, counsel for the School District states that the "addendum" lists "those schools which Fibreboard has moved against wherein a Fibreboard product is specified as the only product under the specification or where in fact the plaintiff has alleged that the product was installed therein." Affidavit of Peter W. Preston, pp. 2–3.

The "addendum" has no evidentiary value. There are no contract documents in this record that establish that asbestos-containing products manufactured by Fibreboard were installed in any school building which is the subject of this motion.

The motion for partial summary judgment of Fibreboard is granted.

9) *Motion for Partial Summary Judgment of Defendant W.R. Grace & Co.–Conn.*

The School District has filed no opposition to the motion for partial summary judgment filed by defendant W.R. Grace & Co.–Conn. with respect to all of the school buildings except for the Wilcox school building, which is not the subject of this motion. Therefore, the motion for partial summary judgment of W.R. Grace & Co.–Conn. is granted.

10) *Motion for Partial Summary Judgment of Defendant The Flintkote Company*

Defendant The Flintkote Company (Flintkote) moves the court for summary judgment as to the fifty school buildings in which Flintkote products have been specified but not listed as installed and the school buildings in which the School District has failed to identify Flintkote products in any manner. Flintkote does not move for summary judgment as to the school buildings in which the products of Flintkote have been identified as installed. Flintkote asserts that there is no evidence that its asbestos-containing products were installed in the school buildings which are the subject of this motion.

In opposition to the motion for partial summary judgment of Flintkote, the School District submits the affidavit of counsel and an attached "addendum" listing eleven schools, a contract number, and a column labelled "specification." In his affidavit, counsel explains that the "addendum" contains the names of "those schools, which Flintkote has moved against, wherein a Flintkote product is specified as the only product under the specification or wherein [sic] fact there is an allegation that the product was in fact installed." Affidavit of Peter W. Preston, p. 2.

There are no contract documents attached to the affidavit of Peter Preston. The "addendum" is not competent evidence. There is no evidence in this record that the asbestos-containing products of Flintkote were installed in the school buildings which are the subject of this motion.

The motion for partial summary judgment of Flintkote is granted.

11) *Motion for Partial Summary Judgment of Defendant A.P. Green Refractories Co.*

Defendant A.P. Green Refractories Co. (A.P. Green) moves the court for summary judgment in its favor as to all but three school buildings (Boise–Eloit, Lee and Rigler). A.P. Green asserts that the School District has failed to show that asbestos-containing products furnished by A.P. Green were installed in any of the school buildings which are the subject of this motion.

The School District contends that summary judgment in favor of A.P. Green is not appropriate as to the Chief Joseph and Astor school buildings and offers no response as to the other school buildings. The School District has attached an "Exhibit A" to its memorandum in response to the motion for summary judgment of A.P. Green, which is represented in the memorandum to be the provisions of the contracts which relate to specifications and any substitutions for those specifications, and an "Exhibit B," which is represented in the memorandum to be the pertinent provisions of the contract for the Astor and Chief Joseph school buildings wherein plas-

tic firebrick is specified as A.P. Green "Super Hybond." In addition, the School District has submitted the affidavit of counsel stating that he has reviewed the contracts in question.

A.P. Green has filed no reply to the response of the School District. The court will accept the evidence offered in the response of the School District. The court finds that the contract specifications are a part of the contract, and they specify a single asbestos-containing product of A.P. Green or an equal approved in writing. There is no evidence that any product other than the product of A.P. Green was used.

The motion for partial summary judgment of A.P. Green is denied as to the Chief Joseph and Astor school buildings and granted as to all of the other school buildings named in this motion.

### 12) *Motion for Summary Judgment of Defendant Keene Corporation*

Defendant Keene Corporation (Keene) moves the court for summary judgment in its favor as to all of the claims of the School District on the grounds that the School District has failed to show that any asbestos-containing products of Keene were installed in any of the school buildings.

In response to the motion for summary judgment, the School District argues that summary judgment is not proper as to the following schools: Alameda, Cleveland, Franklin, Kenton, Youngson, Kelly, Monroe and Scott. The School District submits the affidavit of Robert Kramer, in which he states:

I, ROBERT KRAMER, do hereby depose and say;

That I have been employed as an asbestos insulation mechanic and a member of Local 36 of the Asbestos Workers since the [sic] 1951.

I have, in the course of my career, worked for the insulation contractors in the jurisdiction of Local 36 which includes southern Washington and the entire state of Oregon. In the course and scope of that employment as an asbestos worker, I have worked on a number of schools within the School District No. 1, of Portland.

Through my experience as an asbestos insulation mechanic, my work on various schools and/or a review of the contract materials, I have been able to identify the types of asbestos containing materials at the following schools; Bridlemile, Cleveland, Franklin, Kenton, Youngson, Kelly, Monroe and Scott. At each of those schools there was applied and remains asbestos containing pipe covering, block and mud (cement). These products were Ehret products which were distributed and applied by the Otto Castrow Company. These products contained asbestos and upon my visual inspection remain in those schools to date.

Exhibit A to Plaintiff's Response to Keene Corporation's Motion for Summary Judgment.

The School District further submits the deposition testimony of Otto Castrow in which Castrow explains that the Ehret products used by his company were purchased from Baldwin–Hill, Keene's predecessor.

Keene objects to the School District's responses initially on the grounds that the responses of December 3, 1990 to defendants' joint interrogatories failed to set forth the alleged claims made in the responses. Further, Keene argues that the affidavit of Kramer is insufficient under Fed.R.Civ.P. 56(e) in that Kramer relies upon contract documents which are not attached.

In his affidavit, Kramer states that he relies upon his "work on various schools and/or a review of the contract materials." Testimony based upon a review of unidentified contract documents is not admissible at trial. Furthermore, there are no documents attached in accordance with Fed.R. Civ.P. 56(e). The affidavit of Kramer is the sole source of evidence offered in opposition to the School District's motion for summary judgment. This affidavit is not adequate to create genuine issues of material fact as to whether the asbestos-contain-

ing products of Keene were installed in the school buildings.

The motion for summary judgment of Keene is granted.

## CONCLUSION

1) The motion for summary judgment of defendant T & N plc (# 173) is granted.

2) The motion for partial summary judgment of defendant GAF Corporation (# 175) is granted.

3) The motion for partial summary judgment of defendant Owens–Corning Fiberglas (# 178) is granted.

4) The motion for partial summary judgment of defendant Georgia–Pacific Corporation (# 181) is denied as to the Astor, Bridger, Chapman, Chief Joseph, Grant, Humboldt, Markham, Mt. Tabor and Woodlawn school buildings and granted as to all of the other school buildings named in the motion.

5) The motion for partial summary judgment of defendants Armstrong Cork Company, Inc. and Armstrong World Industries, Inc. (# 182) is granted.

6) The motion for partial summary judgment of defendant United States Gypsum Company (# 185) is granted.

7) The motion for summary judgment of defendant U.S. Mineral Products Company (# 188) is denied as to the multi-purpose building at the Wilson Park Elementary School and granted as to all of the other claims of the School District against U.S. Mineral Products Company.

8) The motion for partial summary judgment of defendant Fibreboard Corporation (# 189) is granted.

9) The motion for partial summary judgment of defendant W.R. Grace & Co.–Conn. (# 190) is granted.

10) The motion for partial summary judgment of defendant The Flintkote Company (# 193) is granted.

11) The motion for partial summary judgment of defendant A.P. Green Refractories Co. (# 195) is denied as to the Chief Joseph and Astor school buildings and granted as to all of the other school buildings named in the motion.

12) The motion for summary judgment of defendant Keene Corporation (# 198) is granted.