**SCHOOL DISTRICT NO. 1J
MULTNOMAH COUNTY,
OREGON, Plaintiff,**

v.

**ACandS, INC., a Pennsylvania
corporation, et al.,
Defendants.**

**Civ. Nos. 89–1316–FR (LEAD),
90–753–FR.**

United States District Court,
D. Oregon.

Sept. 26, 1991.

Jeffrey S. Mutnick, John S. Stone, Peter W. Preston, Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland, Or., for plaintiff.

Thomas H. Tongue, John C. Cahalan, Dunn, Carney, Allen, Higgins & Tongue, Portland, Or., for defendant T & N plc.

Paul T. Fortino, Lawrence Reichman, Perkins Coie, Portland, Or., for defendant GAF Corp.

William M. Tomlinson, James L. Dumas, Lindsay, Hart, Neil & Weigler, Portland, Or., for defendant Owens–Corning Fiberglas.

Roger K. Stroup, Bodyfelt Mount Stroup & Chamberlain, Portland, Or., for defendant Georgia–Pacific Corp.

Duane A. Bosworth, Christopher F. McCracken, Davis Wright Tremaine, Portland, Or., for defendants Armstrong Cork Co., Inc. and Armstrong World Industries, Inc.

Richard A. Hayden, Janie M. Burcart, Bogle & Gates, Portland, Or., for defendant U.S. Gypsum Co.

James D. Case, Case, Dusterhoff & Mehlhaf, Portland, Or., for defendant U.S. Mineral Products Co.

Howard W. Carsman, Christopher A. Rycewicz, Stafford Frey Cooper & Stewart, Portland, Or., for defendant Fibreboard Corp.

Wayne Hilliard, James L. Hiller, Vicki L. Smith, Lane Powell Spears Lubersky, Portland, Or., for defendant W.R. Grace & Co.–Conn.

Douglas G. Houser, James G. Hibbard, Steven V. Rizzo, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, Or., for defendant The Flintkote Co.

James M. Barron, Paul R. Xochihua, Hallmark, Keating & Abbott, P.C., Portland, Or., for defendant A.P. Green Refractories Co.

Garr M. King, Joseph C. Arellano, Kennedy, King & Zimmer, Portland, Or., for defendant Keene Corp.

## OPINION

FRYE, Judge:

The matter before the court is the motion of plaintiff, School District No. 1J Multnomah County, Oregon (the School District), for new trial (# 289–1), alteration for amendment of judgment (# 289–2) or for reconsideration (# 289–3) or rehearing (# 289–4).

## BACKGROUND

On December 1, 1989, the School District filed this action against the defendants based upon strict liability, negligence, and breach of warranty. The School District alleges that it has been damaged by the asbestos-containing products manufactured by, distributed by, and/or installed by the named defendants in the School District's buildings.

In January, 1991, twelve defendants filed motions for summary judgment on the grounds that the School District failed to show that the asbestos-containing products of each of these defendants had actually been installed in the School District's buildings. The School District moved for an extension of time until May 1, 1991 in which to respond to the motions of these defendants for summary judgment. The court granted the motion of the School District for an extension of time to respond.

In response to defendants' motions for summary judgment, the School District took the position that evidence that a product of a defendant was identified in the contract specifications for a building was evidence adequate to defeat a motion for summary judgment as to that building. The School District submitted to the court the affidavit of counsel stating that he had reviewed the contract specifications and determined that the products of the defendants were listed in the specifications. In a number of instances, the School District submitted a document referred to as an "addendum" which listed a school and contained columns labelled "product," "contract number," and "specification." For example:

| School | Product | Contract Number | Specification |
|---|---|---|---|
| Peninsula | Cement | 1061 | 1714 |

Addendum to the Affidavit of Peter W. Preston (attached to the Memorandum in Opposition to Fibreboard's Motion for Partial Summary Judgment)

---

In a few instances, the page of the contract containing the contract specification which identified a product of a defendant was attached to the memorandum in opposition to the defendant's motion for summary judgment, but for the most part the pages of the contract documents containing the specifications which the School District relied upon to oppose the defendants' motions for summary judgment were not included in the materials submitted to the court by the School District in opposition to the defendants' motions for summary judgment.

In their reply, the moving defendants took the position that the contract specifications were not adequate to carry the burden of the School District to prove that the products of the defendants were installed in the school buildings. The moving defendants specifically objected to the failure of the School District to comply with the requirements of Fed.R.Civ.P. 56(e) that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." The moving defendants argued to the court:

Plaintiff's counsel's affidavits failed to attach the very papers (e.g., contract spec documents) which he relies upon and refers to only by addenda lists. This failure is fatal to plaintiff's opposition. References in affidavits to papers not attached "should have been disregarded" on summary judgment motion.

Joint Reply Memorandum of Moving Defendants for Summary Judgment, p. 10, lns. 7–12.

The motions of the defendants for summary judgment were heard by the court on May 20, 1991. At the time of oral argument on these motions, the defendants repeatedly argued that even if the contract specifications were adequate to avoid a motion for summary judgment, the School District had failed to submit competent evidence of the contract specifications.

At that time, the School District argued that "[t]he attorney's affidavit was meant to reasonably approach the proof meant to satisfy the spirit and the intent of the motion for summary judgment." Transcript of Proceedings, p. 24, lns. 20–23. Furthermore, the School District agreed with the defendants that the record is "closed today" without supplementation. *Id.* at p. 3.

The court took the matter under advisement, and on June 20, 1991, the court filed an opinion in which it found that a contract specification was adequate to raise a material issue of fact for the trier of fact. 767 F.Supp. 1051. In those instances in which the page of the contract containing the specification was included in the record, and even in those instances in which the page of the contract containing the specification was not properly authenticated, the court denied the defendant's motion for summary judgment. *See, e.g.,* Opinion at 1057–58 (documents appearing to be con-

tract specifications attached to memorandum in response to the motion of Georgia–Pacific for partial summary judgment). In the one instance in which the School District submitted the face sheet of the contract at issue and submitted the single page of the contract specification upon which the School District relied, the court readily denied the defendant's motion for summary judgment despite the fact that the documents were not properly identified through an affidavit. Opinion at 1059.

The court found, however, that it could not overlook the total failure of the School District to enter into the record the contract specification upon which the School District was relying. The court concluded that the affidavit of counsel and the documents attached to the affidavit and referred to as an "addendum" did not meet the requirements of Rule 56(e) of the Federal Rules of Civil Procedure and granted the defendants' motions for summary judgment on the grounds that there was no competent evidence in the record of the existence of the contract specifications in those instances in which the contract specifications were not included in the record.

The School District now moves the court to reconsider its order of June 20, 1991 granting defendants' motions for partial summary judgment and summary judgment.

### CONTENTIONS OF THE PARTIES

The School District moves the court for an order granting reconsideration of the court's order of June 20, 1991 on the grounds that the court failed to consider all of the evidence, failed to correct clear error, and failed to prevent manifest injustice. The School District submits to the court in support of the motion for reconsideration true and accurate copies of contracts, totalling 21,218 pages, listed in an addendum by contract number and by school. The School District argues that the motions of the defendants for summary judgment should now be denied because "significant effort and expense has now been expended to comply with the highly technical requirements cited as shortcom-

ings by this Court." Plaintiff's Memorandum in Support of Motion for New Trial, Alteration for Amendment of Judgment or for Reconsideration or Rehearing, p. 5, lns. 19–21.

The School District contends that reconsideration should be granted in order to prevent manifest injustice because the prior order of the court resulted in dismissal of claims when in actuality the facts would support those claims. The School District points out that the contracts in full are now before the court, and therefore reconsideration is required.

Defendants oppose the motion for reconsideration on the grounds that the additional documents presented in support of the motion for reconsideration were available to the School District before it filed its opposition to defendants' motions for summary judgment. In addition, defendants argue that the evidence submitted is again insufficient under law to create a genuine issue of material fact because while the School District has submitted 21,218 pages of documents, it has failed to identify those specific documents upon which it relies, and neither defense counsel nor the court can make a reasonable review of all of these pages of documents.

### APPLICABLE LAW

■ A motion for reconsideration must demonstrate some reason why the court should reconsider its decision. The motion must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: 1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice. *All Hawaii Tours Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648 (D.Haw. 1987), *rev'd in part on other grounds*, 855 F.2d 860 (9th Cir.1988).

■ A party moving for reconsideration of a grant of summary judgment based upon the availability of new evidence is "obliged to show not only that this evidence was newly discovered or unknown to

it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing." *Engelhard Indus. v. Research Instrumental Corp.*, 324 F.2d 347, 352 (9th Cir.1963); *see also Frederick S. Wyle P.C. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir.1985); *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1557–58 n. 4 (9th Cir.1987).

## ANALYSIS AND RULING

 The School District contends that the court applied the requirements of Rule 56(e) of the Federal Rules of Civil Procedure in a highly technical manner resulting in manifest injustice to the School District.

Rule 56(e) of the Federal Rules of Civil Procedure requires that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." The failure of the School District to comply with this requirement was repeatedly brought to the attention of the School District and to the attention of the court by the defendants. The application of Rule 56(e) is not a highly technical application, and there was no error by this court in requiring that the terms of the rule be followed.

In summary, the School District has not presented to this court any facts or any law which support reconsideration and reversal of the orders granting full or partial summary judgment in favor of the defendants involved in this motion. It is clear from the court's opinion and order of June 28, 1991 that the court would require the School District to identify the contracts and to provide the court with evidence of the properly authenticated contract specifications relied upon to support the claims of liability against the individual defendants. The memorandum and the 21,218 pages of documents provided by the School District to this court do not satisfy this basic requirement. The documents filed with this motion for reconsideration do not appear to correspond in any meaningful manner to the materials provided in opposition to the motion or to identify in any meaningful manner the documents which the School District now relies upon in opposition to defendants' motions for summary judgment.

## CONCLUSION

The School District's motion for new trial (# 289–1), alteration for amendment of judgment (# 289–2) or for reconsideration (# 289–3) or rehearing (# 289–4) is DENIED.