Debra Jo EDWARDS, Executor of the Estate of David John Edwards, Plaintiff–Appellant,

v.

HONEYWELL, INC., and Honeywell Protection Services, Defendants–Appellees.

No. 91–2027.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 6, 1991.

Decided April 3, 1992.

W. Scott Montross (argued), Townsend, Hovde & Montross, Indianapolis, Ind., David W. Stone, IV, Stone Law Office & Legal Research, Anderson, Ind., Thomas A. Hendrickson, Hendrickson, Travis, Pantzer & Miller, Indianapolis, Ind., for plaintiff-appellant.

Michael A. Bergin, Thomas J. Campbell, Locke, Reynolds, Boyd & Weisell, Indianapolis, Ind., for defendants-appellees.

Before COFFEY and FLAUM, Circuit Judges, and GRANT, Senior District Judge.*

FLAUM, Circuit Judge.

Professional firefighter David John Edwards was dispatched to a residential fire in Indianapolis, Indiana, on February 3, 1988. His department was alerted to the fire by Honeywell, Inc. and Honeywell Protection Services (together "Honeywell"), which provided and maintained an alarm system at the residence by contractual agreement with its owners. When Edwards entered the residence to fight the blaze, the floor collapsed and he fell to his death.

Debra Jo Edwards, Mr. Edwards' widow, filed a wrongful death suit against Honeywell in Indiana state court in her capacity as executor of his estate. Mrs. Edwards alleged that Honeywell caused her husband's death by failing to timely notify his department of the fire. As a result of Honeywell's negligence, she contends, Mr. Edwards incorrectly assumed that the fire was in a less advanced stage than it actually was when he arrived at the scene. Had Mr. Edwards been timely notified, he would have arrived before the fire had weakened the floor; alternately, had he been ap-

---

* The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, sit-    ting by designation.

praised of the delay, he would have known that the floor had weakened and never would have entered the house.

The parties being diverse, Honeywell successfully removed the case to federal district court. On April 30, 1990, Honeywell moved for summary judgment (we refer to this as the "original motion"). Honeywell first argued that Mr. Edwards had no right to recover for Honeywell's alleged breach of its contract with the homeowners because he was not a party to the contract and hence was owed no contractual duty. Second, Honeywell maintained that the "Fireman's Rule," which works as an exception to duty of care standards under Indiana common law, *see Sports Bench, Inc. v. McPherson*, 509 N.E.2d 233, 234–35 (Ind.App. 1st Dist. 1987); *Woodruff v. Bowen*, 136 Ind. 431, 34 N.E. 1113 (1893), barred recovery in tort. Mrs. Edwards responded to Honeywell's motion, and Honeywell filed a reply brief shortly thereafter.

On January 18, 1991, Honeywell filed a supplemental memorandum which raised a new ground for summary judgment as to the tort claim; it argued that, the Fireman's Rule aside, Honeywell did not owe Mr. Edwards a duty of care under Indiana tort law. Honeywell then repeated its claim that the Fireman's Rule would bar relief in the event the court rejected its latest argument—underscoring the point (whose importance will become apparent shortly) that the "duty of care" argument and the "Fireman's Rule" argument constitute separate defenses to the tort claim.

Mrs. Edwards did not respond to Honeywell's supplemental memorandum prior to January 29, 1991, the date the district court granted Honeywell summary judgment. *Edwards v. Honeywell, Inc.*, No. IP 90–198–C (S.D.Ind. Jan. 29, 1991). The court held that Honeywell owed no contractual duty to Mr. Edwards. As for the tort claim, the district court found for Honeywell on two alternate grounds. First, it endorsed the duty of care argument initially raised by Honeywell in its supplemental memorandum. Second, the court relied upon a ground raised by neither party,

ruling that even had Honeywell owed Mr. Edwards a duty of care, it would prevail nonetheless because the evidence did not demonstrate that its alleged breach of that duty caused his death. The court did not rest its decision on the Fireman's Rule, the only tort defense advanced in Honeywell's original motion. Mrs. Edwards timely filed a motion to withdraw the entry of summary judgment, which the court denied.

■ On appeal, Mrs. Edwards challenges the district court's ruling on the tort cause of action. One of her contentions is that the court erred by granting summary judgment on grounds to which she was given either an inadequate opportunity or no opportunity to respond. We agree. Honeywell never raised the causation ground in support of its motion for summary judgment. As such, Mrs. Edwards was not required to present evidence sufficient to raise an issue of material fact as to whether Honeywell's alleged negligence caused her husband's death; for its part, the district court was precluded from granting summary judgment on that ground. *See Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1310 (7th Cir.1989) ("When a party moves for summary judgment on ground A, his opponent is not required to respond to ground B—a ground the movant might have presented but did not.").

■ In any event, Honeywell disclaims reliance upon the causation ground in this appeal, Def.Br. at 9 n. 3, and focuses instead upon the duty of care ground. Honeywell did contend that it owed Mr. Edwards no duty of care under Indiana tort law, but only in its supplemental memorandum. The Federal Rules of Civil Procedure provide that a party must serve a motion for summary judgment "at least 10 days before the time fixed for a hearing." Fed.R.Civ.P. 56(c). This provision does not explicitly establish a period during which a district court must permit a non-movant to respond to a motion, and itself refrain from granting summary judgment, but we will assume it is 10 days as well. Given the rule's function to afford the non-movant adequate time "to produce a well-prepared and complete presentation on the motion to

facilitate its disposition by the court," 10A Wright, Miller & Kane, *Federal Practice and Procedure, Civil 2d* § 2719, at 6 (2d ed. 1983), it would make little sense to shorten a non-movant's response period when the district court determines that a hearing is unnecessary. Rule 6(e) further provides that this 10–day period is extended to 13 days if, as here, the moving party served its summary judgment motion by mail. Fed.R.Civ.P. 6(e).

While Honeywell filed its original motion on April 30, the fact that it first raised the duty of care argument on January 18 reset the 13–day clock as to that issue. *Santiago v. Becton Dickinson & Co., S.A.*, 571 F.Supp. 904, 910 (D.P.R.1983); *see also Black v. TIC Investment Corp.*, 900 F.2d 112, 116 (7th Cir.1990); *Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc.*, 754 F.2d 404, 409–10 (1st Cir.1985). Accordingly, the Rules directed the district court to give Mrs. Edwards until January 31 (13 days after January 18) to respond to Honeywell's duty of care argument before entering summary judgment on that particular ground. *See Brooks v. Hussman Corp.*, 878 F.2d 115, 116–17 (3d Cir.1989); *United States v. One Colt Python .357 Cal. Revolver*, 845 F.2d 287, 288–89 (11th Cir.1988); *Winbourne v. Eastern Air Lines, Inc.*, 632 F.2d 219, 223 (2d Cir.1980). Note that this case is unlike *Daniels v. Morris*, 746 F.2d 271 (5th Cir.1984), which upheld summary judgment where, as here, the district court did not grant advance notice of its "intention to consider and decide the motion on a 'date certain,'" but nonetheless complied with Rule 56(c) by furnishing the non-movants over one month to respond to the movant's supplemental memorandum. *Id.* at 275–76. Both Mrs. Edwards and the non-movants in *Daniels* were surprised by the timing of the district court's ruling on summary judgment; the crucial distinction is that only Mrs. Edwards was deprived of an adequate opportunity under Rule 56(c) to respond to the movant's latest arguments.

Honeywell does not dispute the preceding calculus, but attempts nonetheless to defend the district court's entry of summary judgment on January 29. First,

Honeywell questions the premise of Mrs. Edwards' protestations of untimeliness, arguing that it actually maintained that it owed no tort duty to Mr. Edwards as early as May 29, 1990, in a reply brief filed as part of the original motion. The duty to which this brief referred, however, was grounded in contract, not tort; Honeywell maintained that Mr. Edwards could not recover for its alleged breach of its contract with the owners of the residence because Mr. Edwards was not a party to the contract and because the contract did not manifest an intent to make people like him third-party beneficiaries. Perhaps Honeywell's contract arguments, particularly in light of Mrs. Edwards' failure to push a contract claim on appeal, are correct. But since the lack of a contractual duty, third-party or otherwise, to Mr. Edwards does not foreclose the possibility that Honeywell owed him a duty in tort, *see Citizens Gas & Coke Utility v. American Economy Ins. Co.*, 486 N.E.2d 998, 1000–01 (Ind.1985), the reply brief in no way raised the tort duty issue. Nor does the contract's exculpatory clause, under which Honeywell disclaimed any tort liability for injuries to persons or property resulting from the faulty operation of its alarm system, bear on Mr. Edwards' tort claim; under Indiana law, "[t]hird persons not parties or privy to … a contract are not bound by it." *Vernon Fire & Casualty Ins. Co. v. Graham*, 166 Ind.App. 509, 336 N.E.2d 829, 832 (2d Dist. 1975).

Honeywell next contends that, assuming summary judgment was untimely, Mrs. Edwards waived any procedural defect by not asserting a right to respond to Honeywell's supplemental memorandum until after the district court entered summary judgment on January 29. This argument strikes us as facetious. How Mrs. Edwards could have predicted and objected to the court's untimely entry of summary judgment before it happened is beyond us; the Federal Rules impose a number of duties upon non-movants, but clairvoyance is not among them. After the court entered judgment, Rule 59(e) provided Mrs. Edwards 10 days to file a motion to withdraw summary judg-

ment; by so filing on February 8, she complied. Honeywell's final argument—that the district court's untimely entry of summary judgment was harmless—is completely without merit.

Both parties briefed the merits of the duty of care issue on appeal, but we believe the experienced district judge is in a better position than we at this point to evaluate the nuances of Indiana tort law as they relate to this case. The fact that we vacate summary judgment in no way indicates our view of the merits—it remains possible that Honeywell did not owe Mr. Edwards a duty of care under Indiana tort law and hence is entitled to summary judgment. But before entering summary judgment on that ground, the court must first avail itself of Mrs. Edwards' views on the subject.

VACATED AND REMANDED.