**Paul PRIETO, Plaintiff,**

v.

**STORER COMMUNICATIONS, INC., Defendant.**

No. 92–1932–CIV–T–17.

United States District Court, M.D. Florida, Tampa Division.

Jan. 26, 1994.

C. Stuart Young, Law Firm of C. Stuart Young, Sarasota, FL, for plaintiff.

William Cook Ballard, Fisher & Sauls, P.A., St. Petersburg, FL, John Raymond Trapnell, Elarbee, Thompson & Trapnell, Atlanta, GA, for defendant.

### *ORDER*

KOVACHEVICH, District Judge.

This cause is before the Court on Plaintiff's Motion for Reconsideration of Order Granting Defendant's Motion for Summary Judgment (Docket No. 33) and Defendant's response thereto (Docket No. 40). The Court fully stated the facts of this case in its previous Order (Docket No. 31), and therefore will not restate them here.

The Court may properly reconsider its grant of summary judgment upon the timely filing of a motion for reconsideration by one of the parties. Federal Rule of Civil Procedure 59(e). The Order granting summary judgment was filed on November 19, 1993 (Docket No. 31), and the Motion for Reconsideration was filed on November 26, 1993 (Docket No. 33), thus meeting the timely requirement of "within ten days" of Rule 59(e).

First, Plaintiff contends that the Court based its order on a test that Defendant did not raise. According to Plaintiff, Defendant failed to dispute the fourth element of the discrimination test set forth in

*McDonnell Douglas v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668, 677–78 (1973) as part of its prima facie case on its motion for summary judgment. (Motion for Reconsideration at 2). Plaintiff relies on *Edwards v. Honeywell,* 960 F.2d 673 (7th Cir. 1992), and argues that considerations of fairness demand that he be allowed to respond to this argument. (Motion for Reconsideration at 4). However, Plaintiff actually relied on *McDonnell Douglas,* 411 U.S. at 792, 93 S.Ct. at 1817 in its Amended Memorandum in Opposition to Defendant's Motion for Summary Judgment. (Docket No. 28 at 6–7). Further, Plaintiff alleged the first three elements of the *McDonnell Douglas* test in both his complaint and his amended complaint. Yet he failed to allege the fourth *McDonnell Douglas* element even in the Amended Complaint (Docket No. 29), which he filed after his Amended Memorandum in Opposition to Defendant's Motion for Summary Judgment (Docket No. 28), in which he relied on the *McDonnell Douglas* case.

Considerations of fairness to both sides and of judicial efficiency demand that Plaintiff not be allowed to file further evidence after the Court has entered its order, when that evidence was available to Plaintiff before the Court's ruling. See *infra* for a complete discussion of this topic.

■ Second, Plaintiff asks the Court to reconsider its Order granting summary judgment based upon facts contained in affidavits filed on November 26, 1993, and December 23, 1993. (Motion for Reconsideration at 5). Plaintiff's contention is that evidence found in these affidavits was not available before late October 1993. In fact, Plaintiff states that he "could not obtain an affidavit from Bruce Lindell until within the past week as Mr. Lindell was not available." (Motion for Reconsideration at 6). According to Mr. Lindell's own affidavit, he "was unwilling to provide the above information to Plaintiff's counsel until late October." (Affidavit of Bruce Lindell ¶ 9). Mr. Lindell's affidavit supports Plaintiff's contention that Mr. Lindell was unavailable until mid-November (Affidavit of Bruce Lindell ¶ 10).

However, the Court's order was not entered until November 19, 1993. If Plaintiff was aware that information, which would support its motion in opposition of summary judgment, was available in late October 1993, Plaintiff should have informed the Court so that the Court could delay its ruling on the pending motion. Plaintiff should have notified the Court through a motion, i.e. a motion to stay judgment pending submission of supplemental affidavits, a motion to delay consideration of the motion for summary judgment, or a motion to reopen discovery, to allow Plaintiff to obtain and file the new information with the court. Plaintiff chose to do none of these things. Plaintiff instead waited until the Court ruled on the motion for summary judgment.

■ The law is clear that evidence which was available to a party during the pendency of a motion for summary judgment may not later be introduced on a motion to reconsider. *Morgan v. Harris Trust and Savings Bank of Chicago,* 867 F.2d 1023, 1028 (7th Cir.1989); *Shields v. Eli Lilly and Co.,* 704 F.Supp. 260, 262–63 (D.D.C.1988); *Refrigeration Sales Co., Inc. v. Mitchell–Jackson, Inc.,* 605 F.Supp. 6, 7 (D.C.Ill.1983). Further, the Court does not abuse its discretion if it denies a motion to reconsider which is based upon evidence that could have been introduced during the pendency of the motion for summary judgment. *Morgan,* 867 F.2d at 1028. Even if the evidence was not available to the plaintiff at the time the plaintiff opposed the motion, if the evidence became available to the plaintiff well before the motion for reconsideration, the evidence will not be considered. *Waltman v. International Paper Co.,* 875 F.2d 468, 473–74 (5th Cir. 1989).

The Order of Procedure filed by the Court in this case (Docket No. 4) also notifies both parties "that this Court will take any motion for summary judgment, and all materials in support or in opposition thereto, under advisement as of the last day for filing pleadings pertaining to the motion for summary judgment, as the last date is mandated by the Rules of Procedure or by order of the Court." (Order of Procedure at 2–3). Therefore Plaintiff was on notice that the motion for summary judgment was ripe for decision as of the date that his motion in

opposition of Defendant's motion for summary judgment was filed. If Plaintiff was in receipt of evidence which could change the Court's ruling, he should have notified the court immediately of the existence of such information under the order of procedure filed in this case. (Order of Procedure).

Plaintiff claims that he was unable to obtain the testimony of Mr. Lindell, which supports his claim, until late November 1993. (Motion for Reconsideration at 6). However, Plaintiff admits that he was aware of the possibility of Mr. Lindell's having relevant information as of late October 1993. (Reply Affidavit of C. Stuart Young ¶ 3). Plaintiff failed to notify the court of this possibility. Plaintiff also failed to obtain Mr. Lindell's affidavit until November 24, 1993. This Court will not permit Plaintiff to prevail on a motion for reconsideration when summary judgment for Defendant was granted due to lack of diligence on the part of Plaintiff.

■ Plaintiff's third contention in his motion for reconsideration is that the Court misread an affidavit. Specifically, Plaintiff contends that the Affidavit of Rod Dagenis supported his allegation that Defendant knew of Plaintiff's error in disconnecting the cable service on March 3, 1993, and yet failed to inform Plaintiff of that error until September 1993, when Defendant terminated Plaintiff. Plaintiff contends that Dagenis's Affidavit shows that Defendant should have been aware of the error in March. (Motion for Reconsideration at 9). However, "should have been aware of" is not the same as "was aware of". In the Court's own words, "[m]oreover, according to the knowledge available to Defendants at that time [March], Plaintiff's ability to perform his job was not affected by his sleeping disorder." (Order at 9).

This argument fails completely, as the Court's Order was not entirely based on the single proposition brought up by Plaintiff. Too much other evidence exists in favor of Defendant to allow Plaintiff to prevail on this point. Even if the Court was wrong, it was harmless error because of the weight of the other evidence in Defendant's favor.

In the present case, because Plaintiff was in possession of evidence in support of his position during the motion for summary judgment, yet chose not to submit the evidence to the Court during the pendency of that motion, he will not be allowed to present it on a motion to reconsider. Accordingly, it is **ORDERED** that the motion for reconsideration (Docket No. 33) be **denied;** Defendant's request for attorney's fees and costs be **denied;** and the Clerk of Court **shall** enter judgment for Defendant consistent with this opinion, if no judgment has previously been entered.

**DONE AND ORDERED.**