Tonia MEDLEY, Plaintiff,

v.

WESTPOINT STEVENS, INC., Defendant.

Civ. A. No. 95–A–127–S.

United States District Court, M.D. Alabama, Southern Division.

Aug. 18, 1995.

698

Kenneth C. Sheets, Dothan, AL, for plaintiff.

Leslie M. Allen, David R. Boyd, Montgomery, AL, for defendant.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

### INTRODUCTION

This cause is before the court on Plaintiff's Motion to Vacate and/or Reconsider Summary Judgment and for Rehearing or in the Alternative Motion for a New Trial, filed on July 28, 1995. Plaintiff, Tonia Medley, filed this action in federal court on January 27, 1995, alleging that she had been discriminated against in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. § 2000e(k). Defendant, WestPoint Stevens, Inc. ("WestPoint"), moved for summary judgment, which motion was granted by the court on July 18, 1995. Plaintiff timely filed this motion, which the court construes as a Motion to Reconsider. As set forth below, the court finds that the Plaintiff's Motion is due to be DENIED.

### FACTS

The court need not set forth all the facts which underlie the plaintiff's original complaint. The plaintiff alleged discrimination based on pregnancy, and alleged that she was discriminated against when she was discharged by the defendant. Defendant contends that it terminated plaintiff's employment when plaintiff failed to report to work for four consecutive days. According to the defendant, this was the standard practice when employees failed to report to work and failed to notify the employer or ask for medical leave.

Plaintiff established three of the four elements of a prima facie case of discrimination based on pregnancy. She was pregnant, she was qualified for the position that she occupied, and she was discharged. However, as pointed out by the defendant and discussed in the court's opinion, the plaintiff submitted no evidence that she was treated any differently than any other employee. According to all the evidence before the court, defendant fired all employees who failed to report to work for four consecutive days and who failed to notify the employer or request medical leave. Plaintiff therefore failed to establish the fourth element of her prima facie case.

Following issuance of the court's order granting summary judgment, the plaintiff submitted her Motion to Reconsider, accompanied by an affidavit from plaintiff's husband. According to the affidavit, plaintiff's husband knew of several individuals whose medical leave was extended without a formal request. According to the plaintiff, this fulfills the fourth element of the prima facie case, and as such the court should reverse its previous decision.

### ANALYSIS

A motion to reconsider is properly brought to correct a clear error in the court's interpretation of either the facts or the law. Rule 59(e), F.R.Civ.P. It should be used in order to prevent manifest injustice, however it is an extreme measure, and substantial discretion rests with the court in granting such a motion. *E.g., O'Neal v. Kennamer,* 958 F.2d 1044, 1047 (11th Cir.1992) ("The

decision to alter or amend a judgment is committed to the sound discretion of the district court."); *see also, Murray v. Comm. Union Ins. Co.,* 782 F.2d 432, 436 (3rd Cir. 1986); *Sussman v. Salem, Saxon & Nielsen,* 153 F.R.D. 689, 694 (M.D.Fla.1994).

■ In this case, the plaintiff has presented what she styles as new evidence which creates an issue of fact as to plaintiff's prima facie case. It is clear that in this circuit a motion to reconsider should not be used by the parties to set forth new theories of law. *O'Neal,* 958 F.2d at 1047 ("Motions to amend should not be used to raise arguments which could, and should, have been made before the judgment was issued."); *see also, Lussier v. Dugger,* 904 F.2d 661, 667 (11th Cir.1990). However, it appears that the issue of presentation of new evidence on a Rule 59(e) motion has not been squarely addressed by the Eleventh Circuit. It has, however, been examined by many other courts.

■ Overwhelmingly, courts hold that where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion. *Morgan v. Harris Trust & Savings Bank of Chicago,* 867 F.2d 1023, 1028 (7th Cir.1989); *Engelhard Indus. v. Research Instrumental Corp.,* 324 F.2d 347, 352 (9th Cir.1963), *cert. denied* 377 U.S. 923, 84 S.Ct. 1220, 12 L.Ed.2d 215 (1964) (on a motion to reconsider a party is "obliged to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not have discovered and produced such evidence at the hearing."); *Sussman v. Salem, Saxon & Nielsen,* 153 F.R.D. 689, 694 (M.D.Fla.1994) ("Evidence which was available to a party during the pendency of a motion for summary judgment may not later be introduced on a motion to reconsider."); *LoSacco v. City of Middle-*

*town,* 822 F.Supp. 870, 877 (D.Conn.1993), *aff'd* 33 F.3d 50 (2d Cir.1994) ("A motion for reconsideration cannot be employed as a vehicle for asserting new arguments or for introducing new evidence that could have been adduced during the pendency of the summary judgment motion."); *School Dist. No. 1J v. ACandS, Inc.,* 139 F.R.D. 164, 167–68 (D.Ore.1991), *aff'd* 5 F.3d 1255 (9th Cir. 1993); *Anderson v. U.A.W.,* 738 F.Supp. 441, 442 (D.Kan.1990) ("A motion to reconsider cannot be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of a summary judgment motion."); *Zaro v. Mason,* 658 F.Supp. 222, 229 (S.D.N.Y.1987) ("[S]tatements by the plaintiffs themselves which could have been submitted at the time the summary judgment motion was first considered do not constitute new evidence which would justify reconsideration ...").

■ In a case that bears some similarity to the instant action, a sister court in Florida held that following entry of summary judgment, the plaintiff was not entitled to reconsideration so that he could to file additional evidence in order to establish the fourth element of the *McDonnell–Douglas* prima facie case. *Prieto v. Storer Communications,* 152 F.R.D. 654, 655 (M.D.Fla.1994). As stated in *Prieto,* "[c]onsiderations of fairness to both sides and of judicial efficiency demand that Plaintiff not be allowed to file further evidence after the Court has entered its order, when that evidence was available to Plaintiff before the Court's ruling." Having examined the "new" submission of the plaintiff, the court finds that it concerns evidence that was clearly available from the earliest stages of this litigation. The affidavit plaintiff submitted is from the plaintiff's spouse. It concerns events that are alleged to have taken place almost three years ago.[1] Plaintiff had every opportunity to include this evidence prior to this time and did not do so. Accordingly, defendant was entitled to summary

---

1. Because the court has decided not to consider plaintiff's supplemental submission, the court need not address the defendant's arguments that the affidavit does not comply with Rule 56(e), F.R.Civ.P., or that, even considering the affidavit

the defendant would still be entitled to summary judgment. However, these factors are a part of the court's determination that denying plaintiff's current motion will not result in manifest injustice.

judgment based on plaintiff's failure to make out a prima facie case. To paraphrase Judge Shadur in the Northern District of Illinois, the court cannot permit the plaintiff to "reload and shoot again ..." particularly where the ammunition and the aim has been supplied by the court. *Butler v. Sentry Ins.*, 640 F.Supp. 806, 812 (N.D.Ill.1986).

### CONCLUSION

For the reasons set forth above, the court finds that the Plaintiff's Motion to Vacate and/or to Reconsider Summary Judgment and for Rehearing or in the Alternative Motion for a New Trial is due to be, and is hereby DENIED.